**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In the Matter of: CLIVE AND YOLANDA PACE, | No. 13-16602 |
| CLIVE PACE and YOLANDA PACE, | D.C. No. 2:13-cv-00339-JCM-GWF |
| Plaintiffs - Appellants, | MEMORANDUM[*] |
| v. | |
| BANK OF AMERICA, N.A.; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted October 20, 2015[**]
San Francisco, California

Before: THOMAS, Chief Judge and REINHARDT and McKEOWN, Circuit Judges.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Chapter 11 debtors Clive and Yolanda Pace appeal the district court's affirmance of the bankruptcy court's summary judgment in their adversary proceeding against JPMorgan Chase Bank, N.A., and other defendants, seeking quiet title to real property and a declaration that defendants' loans on the properties were unsecured. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts and procedural history, we need not recount it here.

The Paces primarily argue that JPMorgan and Bank of America do not have valid claims because they failed to produce original promissory notes and deeds of trust. However, JPMorgan and Bank of America filed certified copies of the notes and deeds and made the originals available to the Paces at hearings and settlement conferences.

The Paces allege that the notes and deeds are now invalid because they were previously split. We find it unnecessary to decide whether the notes and deeds were in fact split because the fact remains that they are currently reunited in the care of the defendant banks. Per *Edelstein v. Bank of New York Mellon*, 286 P.3d 249, 252 (Nev. 2012), separating a note and deed of trust does not render either instrument irreparably void. *See also In re Montierth*, 354 P.3d 648, 651 (Nev. 2015).

The Paces's remaining arguments depend on their first. Because we hold that there are no genuine issues of material fact as to the validity of JPMorgan and Bank of America's claims, we accordingly hold that the Paces have not established a genuine issue of material fact regarding their quiet title claim.

**AFFIRMED.**